**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Continental Casualty Co., | ) | **CASE NO. 1:16 CV 453** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Equity Industrial Maple Heights, LLC, | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Defendant. | ) | |

<u>**INTRODUCTION**</u>

This matter is before the Court upon Defendant, Equity Industrial Maple Heights, LLC's

Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6).  This is a subrogation action.

For the reasons that follow, the motion is DENIED.

<u>**FACTS**</u>

For purposes of ruling on defendant's motion, the facts asserted in the complaint are

presumed true. Plaintiff Continental Casualty Co. filed this lawsuit against defendant Equity

Industrial Maple Heights, LLC as a subrogee of plaintiff's insured, Fanny May Confections, Inc.

("Fanny May")

1

According to the complaint, defendant owns a large warehouse in Maple Heights, Ohio. Fanny May entered into a lease agreement with defendant. During the lease term, a large fire broke out at the warehouse causing extensive damage.  Plaintiff alleges that the compressed air component of the fire suppression system was disabled.  In addition, the fire suppression system lacked an adequate water supply and thus was unable to control the fire until the fire department arrived.  Ultimately, it appears that plaintiff paid Fanny May $55 million for the damage to property stored at the warehouse.  As a result of the payment, plaintiff became subrogated to the rights of Fanny May.  Thereafter, plaintiff brought this lawsuit against defendant asserting two claims for relief.  Count one is a claim for breach of contract and count two asserts negligence, gross negligence, and "wanton and careless conduct."

Defendant moves to dismiss the complaint on the grounds that the lease agreement between it and Fanny May contains a "waiver of subrogation" provision that bars this lawsuit. Plaintiff opposes the motion.

### **STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule

2

12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished.* Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id.* at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

Defendant argues that the lease contains a waiver of subrogation provision, which provides as follows:

> Landlord and tenant and all parties claiming under them, mutually release and discharge each other from all claims and liabilities arising from, or caused by, any casualty or hazard, covered, in whole or in part by any insurance..., and waive any right of subrogation which might otherwise exist in, or accrue to any person on account thereof.

According to defendant, the clear and unambiguous language demonstrates the parties'

intent to waive subrogation rights.  Because plaintiff can accede only to the rights possessed by its insured Fanny May, plaintiff has no subrogation right against defendant.  In response, plaintiff argues that Ohio law does not recognize subrogation waivers with respect to gross negligence.  Because plaintiff alleges gross negligence on the part of defendant, dismissal is not warranted.

Upon review, the Court agrees with plaintiff that dismissal is not warranted.  In *Ohio Casualty Ins. Co v. D&J Distributing and Mfg., Inc.*, 2009 WL 2356849 (Oh. Ct. App. July 31, 2009), the court addressed whether suborgation waivers apply with respect to gross negligence or reckless conduct.  The court held that they do not:

> Additionally, we note that, although an exculpatory clause to limit one's liability due to negligence may be valid and enforceable, Ohio law finds that such a clause is ineffective where the party seeking protection failed to exercise any care whatsoever, where there was willful or wanton misconduct, or where the clause is against important public policy concerns, unconscionable, or vague and ambiguous.  Again, we find that a genuine issue of material fact existed concerning whether D & J violated fire and safety codes and whether such behavior constituted gross negligence, or willful and wanton misconduct.  On this basis also, we find that the trial court correctly denied D & J's motions for summary judgment and directed verdict.

In so holding, the Court reviewed a subrogation waiver clause much like the one present in this case and determined that questions of fact existed as to whether defendant acted grossly negligent in failing to comply with provisions of the fire code.  Based on this case alone, the Court finds that dismissal is not warranted.

Defendant argues that the lease agreement between itself and Fanny May precludes a finding of gross negligence.  At this early stage in the litigation, the Court cannot agree.  Defendant argues that it is responsible only for the "structural systems," and that "surely" the sprinkler system cannot be classified as a "structural system."  The Court notes, however, that

4

the lease as cited by defendant expressly provides that defendant is responsible for maintaining the "sprinkler mains."  The provision, standing alone, does not absolve defendant from gross negligence.  Accordingly, dismissal is not warranted at this time.[1]

**CONCLUSION**

For the foregoing reasons,  Defendant, Equity Industrial Maple Heights, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 5/19/16

---

[1] In a footnote, defendant claims that should the Court determine that dismissal is not warranted as to one count in the complaint, it can nonetheless dismiss "other counts."  The Court rejects defendant's argument because defendant itself did not separate out the counts and the Court will not *sua sponte* address the counts individually.

5