**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Continental Casualty Co.,** ) | **CASE NO. 1:16 CV 453** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **Vs.** ) | |
| ) | |
| **Equity Industrial Maple Heights, LLC,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

**INTRODUCTION**

This matter is before the Court upon Fannie May Confections, Inc.'s Motion to Dismiss Defendant Equity Industrial Maple Heights, LLC's Third Party Complaint against Third Party Defendant Fannie May Confections, Inc., a/k/a Fannie May Confections Brands, Inc. (Doc. 47). Also pending are the Third-Party Defendant Fannie May Confections, Inc. a/k/a Fannie May Confections Brands, Inc.'s Motion to Dismiss "Cross-Claim" of Defendant Tempest, Inc. (Doc. 58) and Motion to Dismiss of Third Party Defendant Fannie May Confections, Inc. a/k/a Fannie May Confections Brands, Inc. the Cross-Claim of Fire Protection, Inc. (Doc. 74). This is an

1

insurance case arising out of a warehouse fire. For the reasons that follow, the motions are GRANTED.

**FACTS**

For purposes of ruling on the pending motions, the facts asserted in the relevant complaints are presumed true.

Plaintiff, Continental Casualty Company ("Continental Casualty"), filed this action as subrogee to its insured, Fannie May Confections, Inc. a/k/a Fannie May Confections Brands, Inc. ("Fannie May"), seeking recovery for amounts it paid to Fannie May for losses sustained as the result of a warehouse fire. The initial complaint is filed against defendant, Equity Industrial Maple Heights, LLC ("Equity").

According to the complaint, Equity owns a large warehouse in Maple Heights, Ohio. Fannie May entered into a lease agreement with Equity. During the lease term, a large fire broke out at the warehouse causing extensive damage. Continental Casualty alleges that the compressed air component of the fire suppression system was disabled. In addition, the fire suppression system lacked an adequate water supply and thus was unable to control the fire until the fire department arrived. Ultimately, it appears that plaintiff paid Fannie May $55 million for the damage to property stored at the warehouse. As a result of the payment, plaintiff became subrogated to the rights of Fannie May.

Continental Casualty then filed an amended complaint adding new party defendants, Commercial Property Maintenance, LLC ("Commercial Maintenance"), Fire Protection, Inc. ("Fire Protection"), and Tempest, Inc. ("Tempest"). Continental Casualty alleges that Commercial Maintenance was responsible for maintaining, servicing and inspecting the

2

property, including the inspection of the fire suppression system and the water supply connected thereto. Fire Protection is also alleged to have serviced and maintained the fire suppression system.

Tempest was retained by Fannie May to service and maintain the ammonia refrigeration system used by Fannie May for the operation of freezers and cooler units used for the storage of food and perishable items. According to the amended complaint, Tempest employees came to the property in response to an after-hours alarm. Continental Casualty alleges that the actions or inaction of Tempest employees caused an explosion due to the ammonia levels at the property, which resulted in the fire at issue.

Continental Casualty asserts negligence claims against all defendants and further asserts breach of contract claims against Equity and Tempest. Equity, in turn, filed a third-party complaint against a number of entities, including Fannie May. Equity alleges that Fannie May was contractually responsible for maintaining the sprinkler system. In addition, Equity claims that a provision the parties' lease agreement provides that Fannie May will indemnify Equity for any damages incurred as a result of Fannie May's improper conduct. Specifically, Equity asserts claims for breach of contract, contribution pursuant to R.C. § 2307.25, contractual and common law indemnification, and "res ipsa loquitur" against Fannie May. In their answers to the amended complaint, both Tempest and Prevention Fire filed cross-claims for contribution against Fannie May on that grounds that, to the extent Tempest or Prevention Fire is found liable to Continental Casualty, Fannie May is liable for all or a portion of the damages as a result of Fannie May's own conduct.

Fannie May now moves to dismiss the claims asserted by Equity in the third-party

complaint. Fannie May also moves to dismiss the claims asserted as cross-claims by Tempest and Fire Protection. Equity and Tempest opposed the motions, but Fire Prevention did not.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The

4

> plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

Fannie May moves to dismiss the various claims asserted against it on the grounds that it is a subragor to Continental Casualty. As a result of the subrogation of Fannie May's interests, Continental Casualty "stands in the shoes" of Fannie May. Thus, any "claim" that any party may have against Fannie May should be asserted as a defense to Continental Casualty's claims. As such, Fannie May requests dismissal from this lawsuit. Fannie May acknowledges that no Ohio court has ever held that claims cannot be asserted against a subrogor. Fannie May, however, cites cases in which federal courts have refused to allow subrogors to be named in third-party complaints for contribution. According to Fannie May, these states have subrogation statutes similar to that of Ohio.

In response, Equity and Tempest argue that no Ohio court has held that claims against subrogors fail as a matter of law. As such, these parties ask the Court to deny Fannie May's request for dismissal. In addition, they argue that Ohio's contribution statute does not prevent a party from asserting claims against an subrogee. Equity further states that it asserted claims for breach of contract and Fannie May's insurer has no contractual obligations to Equity. By way of example, Equity argues that the lease required Fannie May to name Equity as an additional insured and without the ability to propound discovery on Fannie May, Equity will be unable to determine if Fannie May breached its contractual obligations.

5

Upon review, the Court finds that dismissal as to Fannie May is warranted. Here, Continental Casualty brings this action as a subrogee to Fannie May, as a result of the subrogation agreement between these parties. Subrogation "is the principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered under the policy." *Corn v. Whitmere*, 916 N.E.2d 838, 845 (Oh. Ct. App. 2009)(internal citation and quotation omitted). In other words, "[a] subrogated insurer stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor." *Id*. Subrogation is generally understood to involve the "substitution of one party for another whose debt the party pays...." *Ohio Bureau of Workers' Compensation v. McKinley*, 956 N.E.2d 814, 820 (Ohio 2011)(*citing* Black's Law Dictionary (9th Ed. 2009)).

With this backdrop in mind, the Court turns to whether third-party claims can be asserted against the insured in a subrogation action. Although the parties agree that no Ohio case law is directly on point, the Court is persuaded by the federal courts that have concluded that such claims fail to state claims upon which relief may be granted. The reasoning supporting these decisions is that "the presence of the subrogors in the case as third party defendants, would serve no legal purpose or be of any legal benefit to [the third-party plaintiff.]" *American Fire and Casualty Co. v. Material Handling Supply, Inc.*, 2007 WL 1296200 at *2 (D.N.J. April 27, 2007)(citation and quotation omitted). This Court agrees. Here, the claims asserted against Fannie May by Tempest and Fire Protection are solely for contribution. In other words, these parties seek to recover from Fannie May for any tortious conduct Fannie May may have engaged in that caused damages to Continental Casualty. An insurer, however, cannot recover damages

6

from its suborgated insured. Rather, Tempest and Fire Protection may assert whatever "contribution claim" they have against Fannie May as an affirmative defense to Continental Casualty's claims for relief. This is so because Continental Casualty "stands in the shoes" of Fannie May and may not recover for damages caused by its insured. S*ee also, USAA Casualty Ins. Co. v. Metropolitan Edison Co.*, 2013 WL 2403309 (M.D. Pa. May, 31, 2013)(striking third party complaint filed against insured-subragors in fire damage case); *Wausau Underwriters Ins. v. Shisler*, 1999 WL 529250 (E.D. Pa. July 21, 1999)(same). And, here, these entities clearly understand this theory as they have asserted affirmative defenses on this very issue. *See*, ECF 48 at "Further and Additional Defenses (asserting defenses involving Fannie May's contributory negligence, comparative fault, spoliation of evidence, assumption of the risk, and failure to mitigate damages); ECF 69 at ¶¶ 69, 72, 74-76(same).[1]

For these same reasons, the contribution and other tort claims asserted by Equity cannot be brought against plaintiff's insured. Equity, however, argues that in addition to its tort claims, it has asserted claims for breach of contract. In these contractual claims, Equity alleges that Fannie May breached the warehouse lease by failing to maintain the equipment, including the sprinkler and cooling systems. In addition, Equity asserts that Fannie May breached the indemnification provision contained in the lease.[2] The Court finds that regardless of whether the

---

[1] Although Tempest argues that Ohio courts have allowed contribution claims to proceed even in the absence of a pending claim or judgment, this theory is not particularly relevant in the context of insurance subrogation. This is so because in essence, the "claim" for contribution *is* resolved in the context of the litigation, albeit as an affirmative defense.

[2] In its brief, Equity argues that Fannie May may have breached the lease by failing to name Equity as an "additional insured." The

claims sound in tort or contract, the same analysis applies. In other words, by way of contract claims, Equity is attempting to offset or reduce its payment to Continental Casualty by the damages allegedly caused by Fannie May. Thus, assuming Fannie May failed to maintain the sprinkler system and the lease required Fannie May to do so, Equity would be permitted to assert this as a defense to Continental Casualty's claim. Similarly, the indemnification provision cited by Equity in its third-party complaint is effective only for claims brought against Equity "arising from any breach or default by [Fannie May] of this Lease, or the negligence or willful misconduct of [Fannie May]." Thus, the indemnification provision is triggered upon a finding that Fannie May breached the lease or engaged in negligent or wilful misconduct. The Court can ascertain no reason–and Equity fails to identify any such reason–that would prevent Equity from asserting these theories as defenses. Equity has in fact done so. *See*, ECF 26 at Sixteenth Affirmative Defense ("By way of affirmative defense, [Equity] states that the Plaintiff's subrogee agreed to defend and indemnify EIMH for all claims arising from any breach or default by Fannie May, or the negligence or willful misconduct of Fannie May or its agents, employees or contractors.") Thus, the fact that Equity couched the theories it asserts in contract does not negate the fact that the arguments are properly asserted as affirmative defenses to Continental Casualty's claims.[3]

---

Court will not consider this argument in that these allegations are not contained in the third-party complaint and Equity does not attach a copy of the lease. As such, the statement represents unsupported attorney argument.

[3] To the extent the breach of contract claim could somehow be seeking affirmative relief, *i.e*, Fannie May's breach of the lease caused damage to Equity's building, the claim is not a proper third-party claim. *See*, Fed.R.Civ.Pro. 14(a)(1)("A defending party

**CONCLUSION**

For the foregoing reasons, the motions to dismiss filed by Fannie May are GRANTED. The motion filed against Fire Protection fails for the additional reason that it is unopposed.

IT IS SO ORDERED.

                                        /s/ Patricia A. Gaughan
                                        PATRICIA A. GAUGHAN
                                        United States District Judge

Dated: 4/10/17

---

may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it *for all or part of the claim against it.")*; *American Zurich Ins. v. Cooper Tire & Rubber*, 512 F.3d 800, 805 (6th Cir. 2008)("Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded.").